IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Billy D. Brown,                                    Case No. 3:13 CV 1721

                        Plaintiff,                 MEMORANDUM OPINION
                                                   AND ORDER
                -vs-
                                                   JUDGE JACK ZOUHARY
Magna Modular Systems, Inc.,

                        Defendant.


## INTRODUCTION

This is an employment discrimination action, brought by pro se Plaintiff Billy Brown who

seeks damages for violations of Title VII, negligence, and harassment (Doc. 13 at ¶ 1).  Pending

before this Court is Defendant's Motion to Dismiss pursuant to Federal Civil Rule 12(b)(6) (Doc. 15).

For the reasons below, Defendant's Motion is denied in part and granted in part.

## STANDARD OF REVIEW

When deciding a motion to dismiss filed under Federal Civil Rule 12(b)(6), this Court must

test the legal sufficiency of the complaint.  "In determining whether to grant a Rule 12(b)(6) motion,

the court primarily considers the allegations in the complaint, although matters of public record,

orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be

taken into account."  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).  This Court is

required to accept the complaint's well-pled allegations as true, *Hishon v. King & Spalding*, 467 U.S.

69, 73 (1984), while viewing the complaint in a light most favorable to the plaintiff.  *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974).  Additionally, this Court must construe a pro se pleading liberally in the pro se plaintiff's favor.  *Boag v. MacDougall*, 454 U.S. 364, 465 (1982) (per curiam).

Although a complaint need not contain "detailed factual allegations," it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, a complaint survives a motion to dismiss for failure to state a claim if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged."  *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**ANALYSIS**

In his Amended Complaint, Plaintiff states he worked in a technical occupation for over 25 years (Doc. 13 at ¶ 4).  Plaintiff alleges he was discriminated against based on his race, African American -- although Plaintiff fails to actually allege he is African American, he did so in his OCRC/EEOC charge (Doc. 15-4 at 2).  Specifically, Plaintiff claims he was denied three positions on which he bid between 2010 and 2012, two of which eventually went to "white males."  An "outside" candidate filled the third position (Doc. 13 at ¶ 5).

Further, in 2011, Plaintiff complained to an "employee advocate" about the "large" use of the "N" word (*id.* at ¶ 6).  Plaintiff contends his supervisor failed to address the issues raised in his employee advocate complaint, including confrontations with co-workers and low evaluations he received when other employees were not evaluated at all (*id.* at ¶ 7).  Additionally, Plaintiff claims on July 15, 2012, a Caucasian co-worker fashioned a noose and hung it somewhere in Plaintiff's

workplace (*id*. at ¶ 8).  Plaintiff states he reported the incident to Defendant's director of human resources, was interviewed by his manager, but never heard anything further from Defendant regarding any attempt to prevent additional discriminatory acts from occurring (*id*. at ¶ 8).

In his charge filed with the OCRC and the EEOC in February 2013 (Doc. 15-4 at 2),[1] Plaintiff wrote:

> 1.  I am a African-American person who has participated in protected activity.  On October 19, 2012, prior to and continuing Respondent issued me a poor review, subjected me to a hostile work environment and forced me to resign.  I began my employment with Respondent in June 12, 2010, in the position of Maintenance Technician.
>
> 2.  Marsha Miller in Human Resources advised me that the hostile work environment would be dealt with but it never happened.
>
> 3.  I believe that I have been unlawfully discriminated against and retaliated against due to Respondent's consideration of my race/African-American in retaliation for filing a previous complaint of discrimination in as much as:
>
> (a)  Andrew Long, Production Worker, kept bumping into me with parts and blocked my path creating an unsafe environment.  Employees frequently used the "N" word in the work place.  I reported it to Human Resources and nothing was done.  Use of the "N" word continued.  In mid August 2012 I was given a poor review after complaining about discrimination and filing internal complaints and a complaint with the Ohio Civil Rights Commission.  I had satisfactory performance prior to participating in the protected activity.  The work place was a hostile environment and intolerable resulting in my resignation.

---

[1]

The OCRC/EEOC charge is central to Plaintiff's claims and is properly considered at the Motion to Dismiss stage.  *See, e.g.*, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that where the plaintiff does not refer directly to given documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference, then the motion need not be converted to one for summary judgment); *Gates v. Hudson*, 2014 WL 346722, at *3 (W.D. Tenn. 2014) (finding that "although the Charge of Discrimination and RTS notice were not attached as exhibits to [plaintiff's] complaint, they are central to his claim and therefore may be considered by this court without converting the Defendants' motion to dismiss into a motion for summary judgment").

3

**Failure to Timely File Amended Complaint**

Defendant contends the Amended Complaint is untimely because it was filed two days after this Court's deadline (Docs. 12 & 13). However, this Court accepted the untimely Complaint when it denied Defendant's first Motion to Dismiss as moot and directed Defendant to "answer or otherwise respond to the Amended Complaint" (Doc. 14).

**Failure to Exhaust Certain Allegations in the Amended Complaint**

Next, Defendant contends this Court lacks subject matter jurisdiction over the factual allegations first raised in the Amended Complaint (Doc. 15 at 1).

In deferral states, such as Ohio, Title VII requires a plaintiff to file an EEOC charge within 300 days from the date of the alleged discriminatory act. 29 U.S.C. § 2000e-5(e)(1). If the plaintiff fails to file a charge with the EEOC in the 300-day period, his or her failure to do so is tantamount to a failure to file within the statute of limitations. *Kellett v. Memphis Light, Gas and Water*, 2014 U.S. Dist. LEXIS 12175, at *14 (W.D. Tenn. 2014) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

Federal courts lack subject-matter jurisdiction over Title VII claims "unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge." *Abeita v. TransAmerica Mailings*, 159 F.3d 246, 254 (6th Cir. 1998). "This is known as the 'expected scope of investigation test' and requires a [p]laintiff to have alleged sufficient facts in his or her EEOC complaint to put the EEOC on notice" of any other claim that might arise out of the facts supplied, even if the plaintiff did not "check the appropriate box" on the EEOC's discrimination form for such a claim. *Spengler v. Worthington Cylinders*, 615 F.3d 481, 490 (6th Cir. 2010). "Accordingly, 'where facts related with respect to the charged claim would prompt the EEOC

4

to investigate a different, uncharged claim, the Plaintiff is not precluded from bringing suit on that claim.'" *Id.* at 490 (quoting *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002)).

Here, Defendant claims the OCRC/EEOC charge filed on February 20, 2013 did not allege that Plaintiff was denied positions on which he bid, or that Plaintiff had race-based confrontations with co-workers (Doc. 15-1 at 6). However, a plaintiff is not required to raise each *fact* at the EEOC level; the plaintiff need only set forth facts which put the EEOC on notice of a particular *claim*. *Abeita*, 159 F.3d at 254.

Courts have dismissed claims, such as disability discrimination, Title VII protected activity discrimination, or age discrimination, where a plaintiff failed to sufficiently allege facts which would cause the EEOC to investigate the underlying claim. *See, e.g.*, *Jones v. Retirement Village*, 209 F.3d 851 (6th Cir. 2000) (failure to accommodate disability); *Davis v. Sodexho*, 157 F.3d 460 (6th Cir. 1998) (age discrimination). Simply stated, a plaintiff cannot allege facts related only to gender discrimination at the EEOC level, and then claim in federal court he or she suffered race-based discrimination.

Upon review of the Amended Complaint and OCRC/EEOC charge, this Court finds Plaintiff's claims for Title VII racial discrimination could "reasonably be expected to grow out of the EEOC charge." *Abeita*, 159 F.3d at 254. Plaintiff clearly asserted Title VII race discrimination and retaliation in his OCRC/EEOC charge, as well as in his Amended Complaint (Doc. 15-4 at 2).

**Title VII Discrimination**

Plaintiff's discrimination allegations are best addressed as claims for hostile work environment and race discrimination under Title VII (Doc. 13 at ¶ 1).

### *Hostile Work Environment*

A plaintiff can establish a hostile work environment claim either by showing direct evidence of racial discrimination or establishing a *prima facie* case under the *McDonnell Douglas* test. *Ross v. Mich. State Univ. Bd. of Trs.*, 2012 U.S. App. LEXIS 17338, at *2 (6th Cir. 2012). "Direct evidence is evidence that, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Amini v. Oberlin College*, 440 F.3d 350, 359 (6th Cir. 2006). Where, as here, a plaintiff alleges circumstantial evidence, the *McDonnell Douglas* framework applies. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1981).

Under this framework, in order to state a *prima facie* case for hostile work environment, a plaintiff must demonstrate: (1) membership in a protected class, (2) unwelcome harassment (3) based on race, (4) which unreasonably interfered with the plaintiff's work performance by creating an intimidating, hostile, or offensive work environment, and (5) for which the employer is liable. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir. 2009).

For purposes of this Motion, Plaintiff alleged sufficient facts to satisfy the first three factors outlined above. First, Plaintiff is an African-American, and thus is a member of a protected class (Doc. 15-4 at 2). Second, Plaintiff alleged he saw a noose constructed and hung in his workplace by a white co-worker, had several other confrontations with co-workers, and was subjected to use of the "N" word on a consistent basis (Doc. 13 at ¶¶ 6–8). From these facts, this Court can reasonably infer these actions, especially the noose, was unwelcomed race-based harassment, which satisfies the second and third factors of the *McDonnell Douglas* framework. *Lockett v. Zatko*, 2011 U.S. Dist. LEXIS 132484, at *13 (N.D. Ohio 2011) ("[M]any courts have recognized references to lynching and nooses" as severe racial harassment); *Reed v. Proctor & Gamble Mfg. Co.*, 927 F. Supp. 2d 508, 527

6

n.56 (W.D. Tenn. 2013) (collecting cases recognizing the presence of a noose in the workplace as evidence of racial discrimination).

To assess whether the fourth element of the *McDonnell Douglas* test has been satisfied, this Court uses a two-part inquiry. *Barrett*, 556 F.3d at 514. The facts provided by the plaintiff must show the discriminatory conduct was sufficiently "severe and pervasive" to (1) alter the conditions of the plaintiff's employment and (2) create a hostile or abusive work environment. *Id*.

An employment action which alters the conditions of employment must be "materially adverse" and can include the "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Henry v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 162 F. Supp. 2d 794, 800 (S.D. Ohio 2000). A materially adverse employment action "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* at 800. Title VII is not limited to "economic" or "tangible" discrimination. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986). The phrase "terms, conditions, or privileges of employment" is expansive, and indicates Congress' intent to "strike at the entire spectrum of disparate treatment of men and women" in the workplace. *Id*. at 64, 66.

Plaintiff has satisfied the fourth element required to state a claim of a hostile work environment. In his Amended Complaint, Plaintiff claims that he was denied multiple bid postings in 2010–12 (Doc. 13 at ¶ 5). Construing the pro se Complaint liberally, as this Court must, at least one of these denials occurred during the same year that Plaintiff complained about the consistent use of the "N" word (*id*. at ¶¶ 5–6). Another bid posting, which Plaintiff was denied, was filled in 2012 (*id*. at ¶ 5). Plaintiff further alleges that these bids were instead filled with white males, and with an

7

"outside" candidate whose race and gender is unspecified (*id.* at ¶ 5).  Additionally, Plaintiff states on July 15, 2012, a co-worker fashioned and hung a noose in Plaintiff's workplace (*id.* at ¶ 8).  Plaintiff concludes that he was physically and mentally affected by these discriminatory acts (*id.* at ¶ 10), which became "intolerable resulting in [his] resignation" (Doc. 15-4 at 2).

A forced resignation can amount to a materially adverse employment action if "a reasonable person, under similar circumstances, would have felt compelled to resign."  *Hollar v. RJ Coffey Cup, LLC*, 505 F. Supp. 2d 439, 453 (N.D. Ohio 2007).  However, "a constructive discharge requires that conditions exceed 'ordinary' discrimination; otherwise, a complaining employee is expected to remain on the job while seeking redress."  *Id.*  This Court must consider "the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's performance."  *Id.* (internal quotation marks omitted).

Considering the totality of the circumstances, Plaintiff has met the necessary standard by stating conditions that exceeded what could be termed "ordinary" discrimination (Doc. 13 at ¶¶ 6–10).  *See Dendinger v. Ohio*, 207 F. App'x 521, 527 (6th Cir. 2006) (finding that rudeness coupled with unkind actions and condescending comments do not rise past what is considered "ordinary" discrimination); *Williams v. New York City Hous. Auth.*, 154 F. Supp. 2d 820, 824 (S.D.N.Y. 2001) (stating that a noose "is among the most repugnant of all racist symbols, because it is itself an instrument of violence . . . the effect of such violence on the psyche of African-Americans cannot be exaggerated").  Moreover, although low performance evaluations, without showing an "adverse impact" on the employee's wages, generally do not give rise to an adverse employment action, *McBroom v. Barnes & Noble Booksellers, Inc.*, 747 F. Supp. 2d 906, 917 (N.D. Ohio 2010), Plaintiff

8

has not solely relied upon these evaluations to state a claim that he was subjected to a hostile working environment.  Plaintiff has sufficiently pled facts that satisfy the fourth prong of the *McDonnell Douglas* test.  *See Barrett*, 556 F.3d at 515.

Finally, the Amended Complaint satisfies the fifth prong of the *McDonnell Douglas* framework, employer liability.  *See id.* at 516.  To adequately allege an employer is liable for the discriminatory acts of a plaintiff's co-workers, the plaintiff must allege his or her employer "knew or should have known of the charged racial harassment and failed to implement prompt and appropriate corrective action."  *Id.*  Plaintiff alleges he repeatedly reported incidents of racial discrimination to an "employee advocate" (Doc. 13 at ¶ 6), to his supervisor and manager (*id.* at ¶ 7), and to Defendant's Human Resources staff (*id.* at ¶¶ 3, 9).  Further, Plaintiff alleges no action was taken by Defendant to prevent continued racial discrimination from occurring (*id.* at ¶ 7; Doc. 15-4 at 2).  Because Plaintiff has sufficiently pled factual allegations that satisfy all five elements of the *McDonnell Douglas* test, his hostile work environment claim survives Defendant's Motion to Dismiss.

### Racial Discrimination

Because Plaintiff does not allege direct evidence of discrimination, his race discrimination claim also is analyzed under the *McDonnell Douglas* burden-shifting framework.  *See McDonnell Douglas*, 411 U.S. at 802.  To establish a *prima facie* case of race discrimination, Plaintiff must show: (1) he is in a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the job; and (4) he was replaced by a person outside of the protected class or was treated differently than similarly situated non-protected employees.  *Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008).

9

Plaintiff does not claim he was qualified for any of the three positions for which he bid but rather was denied a promotion.  Aside from noting his general work history, Plaintiff alleged no facts related to his qualifications (Doc. 13 at ¶ 4).  Because he has not alleged facts that would show he was qualified for the relevant positions, Plaintiff fails to state a *prima facie* case of racial discrimination under Title VII.

**Negligence**

Finally, Plaintiff asserts a claim of negligence (*id*. at ¶ 1).  Simply put, Plaintiff's bare assertion of "Negligence" in the title of his Amended Complaint, without any further reference to the specific elements of the negligence cause of action (*i.e*., breach of a duty of care owed to Plaintiff), fails to adequately allege a negligence claim.  *See Twombly*, 550 U.S. at 555.

### CONCLUSION

Defendant's Motion to Dismiss (Doc. 15) is denied in part and granted in part.  All claims, except for Plaintiff's hostile work environment claim, are dismissed with prejudice.

IT IS SO ORDERED.

_____s/ *Jack Zouhary*_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

July 2, 2014

10